JEMMA E. DUNN
Nevada Bar No. 16229
MATTHEW T. HALE
Nevada Bar No. 16880
MICHAEL A. BURNETTE
Nevada Bar No. 16210
**GREENBERG GROSS LLP**
1980 Festival Plaza Drive, Suite 730
Las Vegas, Nevada 89135
Telephone: (702) 777-0888
Facsimile: (702) 777-0801
 *JDunn@GGTrialLaw.com*
 *MHale@GGTrialLaw.com*
 *MBurnette@GGTrialLaw.com*

Attorneys for Plaintiff
Wendy Smith

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| WENDY SMITH, an individual, | Case No.: |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| v. | **(1)  DISCRIMINATION (N.R.S. § 613.330);** |
| CROCS, INC., a Delaware corporation; CROCS RETAIL, LLC, a Colorado limited liability company, | **(2)  DISCRIMINATION (42 U.S.C. § 12112 *et seq.*);** |
| Defendants. | **(3)  RETALIATION (N.R.S. § 613.340);** |
| | **(4)  RETALIATION (42 U.S.C. § 12203 *et seq.*);** |
| | **(5)  FAILURE TO PROVIDE REASONABLE ACCOMMODATION (N.R.S. § 613.330);** |
| | **(6)  FAILURE TO PROVIDE REASONABLE ACCOMMODATION (42 U.S.C. § 12112(b)(5)(A));** |
| | **(7)  FMLA INTERFERENCE.** |
| | **DEMAND FOR JURY TRIAL** |

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

Plaintiff Wendy Smith ("Plaintiff" or "Ms. Smith ") alleges as follows:

### JURISDICTION AND VENUE

2. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331. Plaintiff's claims for damages arise, in part, under 29 CFR § 825.220, 42 U.S.C. § 12112 *et seq*., and 42 U.S.C. § 12203 *et seq.*

3. The Court has supplemental jurisdiction over the remaining state statutory claims pursuant to 28 U.S.C. § 1367, given that all the claims are so related that they form part of the same case or controversy under Article III of the United States Constitution.

4. Venue is proper in the District of Nevada pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to each of Plaintiff's claims occurred in Clark County, Nevada.

### NATURE OF THE ACTION

5. Ms. Smith began working for Crocs as a Training Coordinator in June 2022. During her employment, she suffered from right knee osteoarthritis, requiring a total knee arthroplasty, and metatarsophalangeal arthritis. Despite having previously granted Ms. Smith's accommodation requests, Crocs unilaterally removed her seated workstation and denied her subsequent requests to alternate sitting and standing. Ms. Smith also engaged in protected activity by complaining of sex discrimination and filing an EEOC charge, for which she suffered retaliatory discipline. On or about December 19, 2025, one day after Ms. Smith submitted her formal accommodation paperwork, Crocs terminated her employment on an explicitly illegal basis — her disability — and in further retaliation for her protected activity.

### PARTIES

6. Plaintiff is and was at all relevant times herein, a resident of Clark County, Nevada.

7. Defendant Crocs, Inc. is a Delaware corporation that conducts business in Clark County.

8. Defendant Crocs Retail, LLC is a Colorado limited liability company that conducts business in Clark County.

9. Defendants Crocs, Inc. and Crocs Retail, LLC will be hereafter collectively referred

-2-
COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

to as "Crocs."

**FACTUAL ALLEGATIONS**

10.    On or about June 26, 2022, Ms. Smith began working as a Training Lead for Crocs at its Las Vegas Distribution Center.

11.    During her employment, Ms. Smith suffered from right knee osteoarthritis, for which she underwent a total right knee arthroplasty on or about September 6, 2023 — a condition that substantially limits her major life activities of standing and walking and constitutes a disability under federal and Nevada law.

12.    Crocs was fully aware of Ms. Smith's disability, having approved her accommodation requests on multiple prior occasions — each time granting her the ability to alternate sitting and standing during her shift — demonstrating that such an accommodation was reasonable and workable within her role.

13.    In or around October 2025, Crocs unilaterally removed Ms. Smith's seated workstation and relocated her to a standing-only workspace on the open production floor, directly exacerbating her knee condition and necessitating a new accommodation request.

14.    On or about October 29, 2025, Ms. Smith formally requested an ergonomic accommodation from Crocs due to the pain and physical symptoms caused by the standing-only workstation. Crocs briefly provided Ms. Smith with a step stool as a partial measure. However, shortly thereafter, Crocs removed the interim accommodations it had briefly provided and subjected Ms. Smith to covert surveillance.

15.    In early December 2025, Ms. Smith was additionally diagnosed with metatarsophalangeal arthritis of the foot — a condition that further substantially limits her major life activities of standing and walking and independently constitutes a disability under federal and Nevada law. Ms. Smith's physician incorporated both her knee and foot conditions into a formal accommodation certification, recommending that she be permitted to sit for half of her shift and stand for the other half. Ms. Smith submitted the completed accommodation paperwork to Crocs on or about December 18, 2025. Crocs made no effort to engage in a good-faith interactive process, explore alternative accommodations, or identify available positions within the facility.

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

16.    On or about December 19, 2025 — one day after Ms. Smith submitted her accommodation paperwork — Crocs terminated her employment on a false and pretextual basis.

17.    In reality, Crocs wrongfully terminated Ms. Smith in discrimination based on her disabilities and in retaliation for her protected activity.

18.    *Summary of Plaintiff's Protected Statuses and Activity*: During her employment, Ms. Smith suffered from right knee osteoarthritis (status post total knee arthroplasty) and metatarsophalangeal arthritis, all of which constitute physical disabilities substantially limiting her major life activities. Ms. Smith engaged in protected activity by requesting and receiving accommodations for her disabilities and by complaining about discriminatory behavior related to her requests.

19.    On April 9, 2026, Plaintiff timely dual filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Nevada Equal Rights Commission ("NERC"). On April 10, 2026, the EEOC closed Plaintiff's case without making findings and issued her an immediate right to sue notice. Plaintiff timely filed the instant lawsuit within 90 days of the right to sue notice.

20.    *Punitive damages*: Plaintiff is entitled to punitive damages. (42 U.S.C. § 1981a(b); Nevada Revised Statute ("N.R.S.") 42.001, 42.007.)

21.    *Reckless Indifference and Conscious Disregard*: Defendants Crocs, Inc. and Crocs Retail, LLC knew of the probable economic harm and emotional distress that would ensue as a result of the wrongful conduct perpetrated. Yet Defendants Crocs, Inc. and Crocs Retail, LLC willfully and deliberately caused the wrongful conduct, both through its actions and inactions.

22.    *Malice*: The conduct of Defendants Crocs, Inc. and Crocs Retail, LLC was committed with malice, including that (a) Defendants Crocs, Inc. and Crocs Retail, LLC acted with intent to cause injury to Plaintiff and/or acted with reckless disregard for Plaintiff's injury, including by terminating Plaintiff's employment and/or taking other adverse job actions against Plaintiff because of their good faith complaints, and/or (b) the conduct of Defendants Crocs, Inc. and Crocs Retail, LLC was despicable and committed in willful and conscious disregard of Plaintiff's rights to work in a workplace free of unlawful harassment, or the economic and emotional distress such

-4-

harassment and discrimination would cause.

23. *Oppression:* In addition, and/or alternatively, The conduct of Defendant was committed with oppression, including that the actions of Defendants Crocs, Inc. and Crocs Retail, LLC against Plaintiff were cruel and subjected her to unjust hardship and with conscious disregard of Plaintiff's rights to work in a workplace free of unlawful harassment, or the economic and emotional distress such harassment and discrimination would cause.

24. *Fraud:* In addition, and/or alternatively, the conduct of Defendants Crocs, Inc. and Crocs Retail, LLC, as alleged, was fraudulent, including that Defendants Crocs, Inc. and Crocs Retail, LLC asserted false and pretextual grounds for terminating Plaintiff's employment and/or other adverse job actions, thereby causing Plaintiff hardship and deprive her of legal rights or otherwise injure Plaintiff.

25. Further, Defendants Crocs, Inc. and Crocs Retail, LLC is liable for the wrongful acts of its employees, including its supervisory personnel, because Defendants Crocs, Inc. and Crocs Retail, LLC had advance knowledge that these employees were unfit for the purposes of the employment and yet employed these employees with a conscious disregard for the rights or safety of others. (42 U.S.C. § 2000e(b); N.R.S. 42.007.)

## FIRST CLAIM FOR RELIEF

**Workplace Discrimination in Violation of N.R.S. § 613.330**

**(Plaintiff Wendy Smith against Defendants Crocs, Inc. and Crocs Retail, LLC)**

26. The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

27. Plaintiff was employed by Defendants Crocs, Inc. and Crocs Retail, LLC, as defined by N.R.S. § 613.310, and thus is prohibited from discriminating against any person with respect to the person's compensation, terms, conditions, or privileges of employment on the basis of any protected status as set forth in N.R.S. § 613 *et seq.* Further, employers must provide a workplace free of discrimination on the basis of these protected statuses.

28. The acts and omissions of Defendants Crocs, Inc. and Crocs Retail, LLC, as more fully set forth herein, constituted discrimination within the meaning of N.R.S. § 613.330.

29.     Plaintiff is within the class of persons that N.R.S. § 613.330 intends to protect and termination of employment on the basis of discrimination is the type of injury prohibited by N.R.S. § 613.330.

30.     Plaintiff charges that Defendants Crocs, Inc. and Crocs Retail, LLC discriminated against the Plaintiff based on her protected status or statuses.

31.     As a direct and proximate result of the violations and conduct described herein, Plaintiff was subjected to unlawful discrimination, loss of her employment, and loss of income and benefits. In addition, Plaintiff has suffered physical and mental injury, and will continue to suffer great financial, mental and emotional injury, pain and distress.

32.     Due to this action, it has been necessary for Plaintiff to expend court costs and obtain the services of an attorney to pursue this claim. As such, Plaintiff is entitled to recover costs pursuant to N.R.S. § 18.020, as well as attorneys' fees under N.R.S. § 613.432 and 42 U.S.C. § 2000e-5(k).

33.     The acts of Defendants Crocs, Inc. and Crocs Retail, LLC alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of her rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendants Crocs, Inc. and Crocs Retail, LLC, and to make an example of and deter Defendants Crocs, Inc. and Crocs Retail, LLC from engaging in such conduct in the future.

## SECOND CLAIM FOR RELIEF

**Workplace Discrimination in Violation of 42 U.S.C. § 12112 et seq.**

**(Plaintiff Wendy Smith against Defendants Crocs, Inc. and Crocs Retail, LLC)**

34.     The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

35.     Plaintiff is a member of the class of persons protected by federal statutes prohibiting discrimination based on disability.

36.     Defendants Crocs, Inc. and Crocs Retail, LLC, employed Plaintiff, as defined by 42 U.S.C. § 12111(5), and thus was prohibited from discriminating against qualified individuals with

-6-

disabilities as set forth in 42 U.S.C. § 12112(a).

37. Plaintiff has a disability or disabilities as defined by 42 U.S.C. § 12102(1).

38. Plaintiff was qualified to perform the essential functions of her job, with or without reasonable accommodation.

39. Defendants Crocs, Inc. and Crocs Retail, LLC took adverse employment actions against Plaintiff because of her disability or disabilities, including the decisions to terminate Plaintiff's employment, not to retain, hire, or otherwise employ Plaintiff in any position, and/or to take other adverse employment actions against Plaintiff.

40. The discriminatory acts of Defendants Crocs, Inc. and Crocs Retail, LLC constitute a violation of the Americans with Disabilities Act (ADA), which makes it unlawful for an employer to discriminate against an employee on the basis of disability.

41. The discriminatory acts of Defendants Crocs, Inc. and Crocs Retail, LLC have caused damage and harm to Plaintiff, including lost earnings, salary, and other employment benefits, and have caused Plaintiff to suffer humiliation, emotional distress, and mental and physical pain and anguish, in an amount according to proof at trial.

42. The acts of Defendants Crocs, Inc. and Crocs Retail, LLC alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of her rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendants Crocs, Inc. and Crocs Retail, LLC, and to make an example of and deter Defendants Crocs, Inc. and Crocs Retail, LLC from engaging in such conduct in the future.

43. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to 42 U.S.C. § 12205, Plaintiff will move to recover reasonable attorneys' fees and costs in an amount according to proof.

/ / /

/ / /

/ / /

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

**THIRD CLAIM FOR RELIEF**

**Workplace Retaliation in Violation of N.R.S. § 613.340**

**(Plaintiff Wendy Smith against Defendants Crocs, Inc. and Crocs Retail, LLC)**

44. The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

45. Plaintiff was employed by Defendants Crocs, Inc. and Crocs Retail, LLC.

46. Plaintiff engaged in protected activity.

47. Defendants Crocs, Inc. and Crocs Retail, LLC was aware of Plaintiff's protected activity.

48. After engaging in protected activity, Plaintiff suffered an adverse employment action.

49. There is a causal connection between Plaintiff's protected activity and the adverse employment action.

50. The conduct of Defendants Crocs, Inc. and Crocs Retail, LLC alleged herein have caused damage and harm to Plaintiff, including lost earnings, salary, and other employment benefits, and have caused Plaintiff to suffer humiliation, emotional distress, and mental and physical pain and anguish, in an amount according to proof at trial.

51. The acts alleged herein were undertaken with the malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of her rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendants Crocs, Inc. and Crocs Retail, LLC, and to make an example of and deter Defendants Crocs, Inc. and Crocs Retail, LLC from engaging in such conduct in the future.

52. Due to this action, it has been necessary for Plaintiff to expend court costs and obtain the services of an attorney to pursue this claim. As such, Plaintiff is entitled to recover costs pursuant to N.R.S. 18.020, as well as attorneys' fees under N.R.S. 613.432 and 42 U.S.C. § 2000e-5(k).

/ / /

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

## FOURTH CLAIM FOR RELIEF

### Retaliation in Violation of 42 U.S.C. § 12203 *et seq.*

### (Plaintiff Wendy Smith against Defendants Crocs, Inc. and Crocs Retail, LLC)

53.    The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

54.    Plaintiff is within the class of persons that 42 U.S.C. § 12203 intends to protect and retaliation for engaging in protected activity is the type of injury prohibited by 42 U.S.C. § 12203.

55.    Plaintiff was an "employee" of Defendants Crocs, Inc. and Crocs Retail, LLC, as defined by 42 U.S.C. § 12111(4).

56.    Employers, such as Defendants Crocs, Inc. and Crocs Retail, LLC, are barred from retaliating against any person for opposing or reporting any unlawful discrimination or harassment against employees on a protected basis as set forth in 42 U.S.C. § 12101 *et seq*. as well as against any person for requesting an accommodation as provided under the same the statute.

57.    Plaintiff opposed and reported discriminatory or harassing conduct prohibited by 42 U.S.C. § 12101 *et seq*. and/or requested an accommodation as provided under the same statute.

58.    As a result of Plaintiff's complaints regarding, opposition to, and/or requests for accommodation related to these unlawful practices, Defendants Crocs, Inc. and Crocs Retail, LLC engaged in a course of retaliatory conduct, which included subjecting Plaintiff to a hostile work environment.

59.    The conduct of Defendants Crocs, Inc. and Crocs Retail, LLC constitutes retaliation in violation of the Americans with Disabilities Act of 1990, as amended, which makes it unlawful for an employer to retaliate against an employee who complains about, opposes discrimination or harassment, or requests an accommodation.

60.    The conduct of Defendants Crocs, Inc. and Crocs Retail, LLC alleged herein has caused damage and harm to Plaintiff, including past and future lost earnings, salary, and other employment benefits,  in an amount according to proof at trial.

61.    Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to 42 U.S.C. § 12205, Plaintiff will move to recover reasonable attorneys' fees and costs

in an amount according to proof.

## **FIFTH CLAIM FOR RELIEF**

**Failure to Provide Reasonable Accommodation in Violation of N.R.S. § 613.330**

**(Plaintiff Wendy Smith against Defendants Crocs, Inc. and Crocs Retail, LLC)**

62.     The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

63.     Plaintiff was employed by Defendants Crocs, Inc. and Crocs Retail, LLC, as defined by N.R.S. § 613.310.

64.     Employers are prohibited from discriminating against any employee with respect to the person's compensation, terms, conditions, or privileges of employment on the basis of disability as set forth in N.R.S. § 613 *et seq.* Failing to provide reasonable accommodation to qualified individuals with disabilities is one such type of actionable discrimination.

65.     Plaintiff has a disability as defined by N.R.S. § 613.310. Plaintiff is within the class of persons that N.R.S. § 613.330 intends to protect.

66.     Plaintiff requested reasonable accommodation for her disability.

67.     Defendants Crocs, Inc. and Crocs Retail, LLC failed to provide reasonable accommodation for Plaintiff's disability.

68.     The failure of Defendants Crocs, Inc. and Crocs Retail, LLC to provide reasonable accommodation constitutes a violation of N.R.S. § 613.330.

69.     The acts of Defendants Crocs, Inc. and Crocs Retail, LLC alleged herein have caused damage and harm to Plaintiff, including lost earnings, salary, and other employment benefits, and have caused Plaintiff to suffer humiliation, emotional distress, and mental and physical pain and anguish, in an amount according to proof at trial.

70.     The acts of Defendants Crocs, Inc. and Crocs Retail, LLC alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of her rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish

Defendants Crocs, Inc. and Crocs Retail, LLC, and to make an example of and deter Defendants Crocs, Inc. and Crocs Retail, LLC from engaging in such conduct in the future.

71. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to 42 U.S.C. § 12205, Plaintiff will move to recover reasonable attorneys' fees and costs in an amount according to proof.

## SIXTH CLAIM FOR RELIEF

**Failure to Provide Reasonable Accommodation in Violation of 42 U.S.C. § 12112(b)(5)**

**(Plaintiff Wendy Smith against Defendants Crocs, Inc. and Crocs Retail, LLC)**

72. The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

73. Plaintiff is a member of the classes of persons protected by federal statutes requiring reasonable accommodation for disabilities.

74. Plaintiff was an employee, as defined by 42 U.S.C. § 12111(4).

75. Defendants Crocs, Inc. and Crocs Retail, LLC employed Plaintiff, as defined by 42 U.S.C. § 12111(5), and thus was required to provide reasonable accommodation to qualified individuals with disabilities as set forth in 42 U.S.C. § 12112(b)(5).

76. Plaintiff has a disability as defined by 42 U.S.C. § 12102(1).

77. Plaintiff requested reasonable accommodation for her disability.

78. Defendants Crocs, Inc. and Crocs Retail, LLC failed to provide reasonable accommodation for Plaintiff's disability.

79. The failure of Defendants Crocs, Inc. and Crocs Retail, LLC to provide reasonable accommodation constitutes a violation of the ADA, which makes it unlawful for an employer to fail to provide reasonable accommodation to an employee with a disability.

80. The acts of Defendants Crocs, Inc. and Crocs Retail, LLC alleged herein have caused damage and harm to Plaintiff, including lost earnings, salary, and other employment benefits, and have caused Plaintiff to suffer humiliation, emotional distress, and mental and physical pain and anguish, in an amount according to proof at trial.

81. The acts of Defendants Crocs, Inc. and Crocs Retail, LLC alleged herein were

-11-

undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of her rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendants Crocs, Inc. and Crocs Retail, LLC, and to make an example of and deter Defendants Crocs, Inc. and Crocs Retail, LLC from engaging in such conduct in the future.

82.    Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to 42 U.S.C. § 12205, Plaintiff will move to recover reasonable attorneys' fees and costs in an amount according to proof.

**SEVENTH CLAIM FOR RELIEF**

**Interference with FMLA Rights in Violation of 29 U.S.C. § 2615(a)(1)**

**(Plaintiff Wendy Smith against Defendants Crocs, Inc. and Crocs Retail, LLC)**

83.    The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

84.    Plaintiff is a member of the classes of persons protected by federal statutes prohibiting interference with the exercise of rights under the Family and Medical Leave Act (FMLA).

85.    Plaintiff was an eligible employee, as defined by 29 U.S.C. § 2611(2).

86.    Under the FMLA, employers, such as Defendants Crocs, Inc. and Crocs Retail, LLC, are barred from interfering with, restraining, or denying the exercise of or the attempt to exercise any rights provided under the FMLA.

87.    Plaintiff exercised or attempted to exercise rights provided under the FMLA, including but not limited to requesting and/or taking leave for a serious health condition.

88.    As a result of and in retaliation for Plaintiff's exercise or attempt to exercise FMLA rights, Defendants Crocs, Inc. and Crocs Retail, LLC engaged in a course of conduct that interfered with, restrained, and/or denied Plaintiff's rights under the FMLA, which included but was not limited to denying leave, discouraging Plaintiff from taking leave, refusing to reinstate Plaintiff, and/or retaliating against Plaintiff for taking or requesting leave.

-12-

89. The conduct of Defendants Crocs, Inc. and Crocs Retail, LLC constitutes interference with Plaintiff's rights in violation of the Family and Medical Leave Act of 1993, as amended, which makes it unlawful for an employer to interfere with, restrain, or deny the exercise of or the attempt to exercise any rights provided under the FMLA.

90. The acts of Defendants Crocs, Inc. and Crocs Retail, LLC alleged herein have caused damage and harm to Plaintiff, including lost earnings, salary, and other employment benefits, and have caused Plaintiff to suffer humiliation, emotional distress, and mental and physical pain and anguish, in an amount according to proof at trial.

91. The acts of Defendants Crocs, Inc. and Crocs Retail, LLC alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of her rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendants Crocs, Inc. and Crocs Retail, LLC, and to make an example of and deter Defendants Crocs, Inc. and Crocs Retail, LLC from engaging in such conduct in the future.

92. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to 29 U.S.C. § 2617(a)(3), Plaintiff will move to recover reasonable attorneys' fees and costs in an amount according to proof.

93. Due to this action, it has been necessary for Plaintiff to expend court costs and obtain the services of an attorney to pursue this claim. As such, Plaintiff is entitled to recover costs pursuant to N.R.S. 18.020, as well as attorneys' fees under N.R.S. 613.432 and 42 U.S.C. § 2000e-5(k).

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1.      For compensatory damages and other special and general damages according to proof, including, without limitation, lost earnings, salary, bonuses, and other job benefits Plaintiffs would have received but for Defendant's wrongful conduct;

2.      Liquidated damages;

3.      Emotional distress damages;

4.      Punitive and exemplary damages in an amount sufficient to punish Defendant, and to make an example of and deter Defendant from engaging in such conduct in the future;

5.      For an award of reasonable attorneys' fees and costs incurred in this action;

6.      For pre-judgment and post-judgment interest, as provided by law; and

7.      For other and further relief as the Court may deem just and proper.

DATED: April 10, 2026                    GREENBERG GROSS LLP


By:   */s/ Jemma E. Dunn*
      Jemma E. Dunn
      Matthew T. Hale
      Michael A. Burnette

      Attorneys for Plaintiff
      Wendy Smith

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

**DEMAND FOR JURY TRIAL**

Plaintiff Wendy Smith hereby demands a jury trial.


DATED: April 10, 2026                    GREENBERG GROSS LLP



By:   */s/ Jemma E. Dunn*
       Jemma E. Dunn
       Matthew T. Hale
       Michael A. Burnette

       Attorneys for Plaintiff
       Wendy Smith

-15-
COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL